LAW OFFICES OF MICHAEL D. SCHULMAN
MICHAEL D. SCHULMAN, ESQ., SBN 137249
18757 Burbank Blvd., Suite 310
Tarzana, CA  91356-3375
(818) 999-5553 / (818) 999-5570 – fax
mike@schulmanlawoffices.com

Attorneys for CITIBANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MIGUEL NAPOLES,<br><br>          Plaintiff,<br><br>          v.<br><br>CITIBANK, N.A.,  and DOES 1-10, inclusive,<br><br>          Defendant. | CASE NO.:<br><br>NOTICE OF REMOVAL BY DEFENDANT<br><br>Pursuant to 28 U.S.C. Section 1331<br><br>(Federal Question) |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. Sections 1331, 1441(b) and Section 1446 of Title 28 of the United States Code, defendant Citibank, N.A. ("Defendant") hereby removes the action entitled Miguel Napoles v. Citibank, N.A., Superior Court of the State of California for the County of Los Angeles, Case No. 17STLC03345 (the "Action"), filed by plaintiff Miguel Napoles ("Plaintiff"), to the United States District Court for the Central District of California, Western Division, on the following grounds:

1.   On or about October 18, 2017, Defendant received service of Plaintiff's Complaint. A true and correct copy of the Plaintiff's Complaint, purportedly served on Defendant, is attached hereto as Exhibit "1".

2.     Defendant has timely filed this Notice of Removal within thirty days of the purported service of the Summons and Complaint.  See 28 U.S.C. Section 1446(b).

### FEDERAL QUESTION

3.     The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. Section 1441, in that Plaintiff alleges violation of the Telephone Consumer protection Act, 47 U.S.C. Section 227, et seq., a claim that is created by, and arises under, federal law.  To the extent any other claims in the Action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. Sections 1367 and 1441(c).

4.     This Court is the proper district court for removal because the Superior Court of California, County of Los Angeles is located within the United States District Court for the Central District of California, Western Division.

5.     A true and correct copy of Defendant's Answer to Complaint, served upon Plaintiff in the Action is attached hereto as Exhibit "2".

6.     True and correct copies of all other documents filed in the Action are attached hereto as Exhibit "3".

7.     Defendant simultaneously is filing a copy of this Notice of Removal with the Superior Court of the State of California for the County of Los Angeles, Limited Civil. Defendant will serve Plaintiff with copies of this Notice of Removal and the Notice filed in the state court.

8.  By virtue of this Notice of Removal of Action and the Notice filed in the Action, Defendant does not waive its rights to assert any personal jurisdictional defense or other motions, including Rule 12 motions and/or motions to compel arbitration permitted by the Federal Rules of Civil Procedure.

DATED:  November _16_, 2017          LAW OFFICES OF MICHAEL D. SCHULMAN

By _____

MICHAEL D. SCHULMAN
Attorneys for CITIBANK, N.A

# EXHIBIT "1"

**COPY**

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*



CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 16 2017

Sherri R. Carter, Executive Officer/Clerk
By Francisco Caldera, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITIBANK, N.A.; and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MIGUEL NAPOLES

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

**CASE NUMBER:**
*(Número del Caso):* **BC675345**

111 N Hill St,
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780  Woodland Hills, CA 91367, 877-206-4741

DATE: OCT 16 2017
*(Fecha)*

Clerk, by Francisco Caldera , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Citibank, N.A.**

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

BY FAX

**COPY**

1  Todd M. Friedman (216752)
2  Adrian R. Bacon (280332)
   Law Offices of Todd M. Friedman, P.C.
3  21550 Oxnard St., Suite 780
   Woodland Hills, CA 91367
4  Phone: 877-206-4741
5  Fax: 866-633-0228
   tfriedman@toddflaw.com
6  abacon@toddflaw.com
   Attorneys for Plaintiff
7

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 16 2017

Sherri R. Carter, Executive Officer/Clerk
By Francisco Caldera, Deputy

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                        FOR THE COUNTY OF LOS ANGELES
                              LIMITED JURISDICTION
10

11 MIGUEL NAPOLES,                          ) Case No. **17STLC03345**
                                            )
12 Plaintiff,                               ) COMPLAINT
                                            ) (Amount not to exceed $10,000)
13                                          )
                                            )
14    vs.                                   )  1.  Violation of Rosenthal Fair Debt
                                            )      Collection Practices Act
15 CITIBANK, N.A.; and DOES 1-10,           )  2.  Violation of Telephone Consumer
   inclusive,                               )      Protection Act
16                                          )
                                            )
17 Defendant.                               )

**BY FAX**

## I. INTRODUCTION

1.   This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. PARTIES

2.   Plaintiff, MIGUEL NAPOLES ("Plaintiff"), is a natural person residing in LOS ANGELES County in the state of California and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3. At all relevant times herein, Defendant, CITIBANK, N.A. ("Defendant"), is a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

4. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5. In or around February 2017, Defendant began numerously contacting Plaintiff on his cellular telephone number, ending in -3403, attempting a collect a debt Plaintiff owed to Defendant.

6. Plaintiff revoked Defendant's consent to call him on his cellular phone number, in order to collect the debt.

6. Defendant also used an "automatic telephone dialing system," as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

7. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

8. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1)*.

11. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

12. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

    a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§ 1692e(2)(A));

    b) Communicating or threatening to communicate credit information which is known or which should be known to be false (§ 1692e(8));

    c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10));

    d) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f);

    e) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1));

    f) Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1));

13. Defendant's conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

14.     As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

15.     Plaintiff reincorporates by reference all of the preceding paragraphs.

16.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.     Actual damages;
B.     Statutory damages for willful and negligent violations;
C.     Costs and reasonable attorney's fees;
D.     For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF TELEPHONE
## CONSUMER PROTECTION ACT

17.     Plaintiff incorporates by reference all of the preceding paragraphs.

18.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

19.     As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

20.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

21.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).*

22.     Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

B. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C)* and

C. Any and all other relief that the Court deems just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted on October 16, 2017.

By: _____

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

# COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Todd M. Friedman, Esq. SBN 216752
Law Offices of Todd M. Friedman
21550 Oxnard St, Suite 780
Woodland Hills, CA 91367
TELEPHONE NO: 877-206-4741    FAX NO: 866-633-0228
ATTORNEY FOR *(Name):* Plaintiff, MIGUEL NAPOLES

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N Hill St
MAILING ADDRESS: 111 N Hill St
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Miguel Napoles v. Citibank, N.A., et al.

CONFORMING COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 16 2017

Sherri R. Carter, Executive Officer/Clerk
By Francisco Caldera, Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| ☐ Unlimited  ☑ Limited | ☐ Counter  ☐ Joinder | 17STLC00845 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |
| | | JUDGE / DEPT: 17STLC00845 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 16, 2017
Todd M. Friedman
_____
(TYPE OR PRINT NAME)                    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

## NOTICE
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

BY FAX

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
  Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (not eminent domain, landlord/tenant, or foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (non-domestic relations)
  Sister State Judgment
  Administrative Agency Award (not unpaid taxes)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
  Declaratory Relief Only
  Injunctive Relief Only (non-harassment)
  Mechanics Lien
  Other Commercial Complaint Case (non-tort/non-complex)
  Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

# COPY

| SHORT TITLE: Miguel Napoles v. Citibank, N.A., et al. | CASE NUMBER 17STLC03345 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

**BY FAX**

| SHORT TITLE: Miguel Napoles v. Citibank, N.A., et al. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☑ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| Miguel Napoles v. Citibank, N.A., et al. | | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons – See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)  
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**  
**AND STATEMENT OF LOCATION**

Local Rule 2.3  
Page 3 of 4

| SHORT TITLE: Miguel Napoles v. Citibank, N.A., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2, ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 9026 Sandusky Avenue |

| CITY: Arleta | STATE: CA | ZIP CODE: 91331 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central Judicial___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: October 16, 2017

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

# EXHIBIT "2"

LAW OFFICES OF MICHAEL D. SCHULMAN
MICHAEL D. SCHULMAN, ESQ.  SBN 137249
18757 Burbank Blvd., Suite 310
Tarzana, CA  91356-3375
(818) 999-5553/(818) 999-5570 - fax
mike@schulmanlawoffices.com

Attorneys for Citibank, N.A.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

CENTRAL DISTRICT, STANELY MOSK, LIMITED CIVIL CASE

| Miguel Napoles, | CASE NO.  17STLC03345 |
|---|---|
| Plaintiff, | ANSWER OF CITIBANK, N.A. TO COMPLAINT |
| vs. | |
| Citibank, N.A., and Does 1-10, inclusive, | *Assigned to Judge Georgina T. Rizk* |
| Defendants. | *Dept. 77* |

Defendant, Citibank, N.A. (the "Bank") for itself alone and for no other defendant or defendants, answers in response to plaintiff's Miguel Napoles ("Plaintiff") Complaint on file herein as follows:

1.    Under and in accordance with the provisions of Section 431.30 of the California <u>Code of Civil Procedure</u>, the Bank denies, both generally and specifically, each and every allegation contained in each paragraph of the Complaint and the Bank expressly denies that Plaintiff is entitled to recover from the Bank any sum or sums whatsoever.

<u>FIRST AFFIRMATIVE DEFENSE</u>

2.    The Complaint fails to state facts sufficient to constitute a cause of action against the Bank.

1

## SECOND AFFIRMATIVE DEFENSE

3.   Plaintiff's claims are subject to binding arbitration, upon election of either party, pursuant to the arbitration agreement contained in the written terms and conditions governing Plaintiff's credit card account.  The Bank reserves its right to elect arbitration of this dispute pursuant to such arbitration agreement.

## THIRD AFFIRMATIVE DEFENSE

4.   If the Plaintiff suffered or sustained any loss or damage, the same was directly and proximately caused and contributed to by the conditions and hazards of which Plaintiff is well aware and assumed the risks thereof.

## FOURTH AFFIRMATIVE DEFENSE

5.   Plaintiff, by the exercise of diligence, could have mitigated against the damages alleged in the Complaint; therefore, the damages, if any, suffered by Plaintiff, must be reduced, diminished or defeated by such amounts as should have been mitigated by him.

## FIFTH AFFIRMATIVE DEFENSE

6.   Plaintiff has come to the Court with unclean hands and is not entitled to any affirmative relief from this Court.

## SIXTH AFFIRMATIVE DEFENSE

7.   Plaintiff is estopped from asserting any obligation of the Bank by Plaintiff and/or Plaintiff's agent's own conduct.

## SEVENTH AFFIRMATIVE DEFENSE

8.   Liability owed to Plaintiff, if any, is owed by parties other than the Bank.

## EIGHTH AFFIRMATIVE DEFENSE

9.   Plaintiff consented to and approved all of the acts and omissions about which he now complains.

## NINTH AFFIRMATIVE DEFENSE

10. If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct,

1  acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional
2  misconduct of Plaintiff and not the Bank.

### TENTH AFFIRMATIVE DEFENSE

4       11.  If Plaintiff suffered or sustained any loss, injury, damage or detriment, the
5  same was directly and proximately caused and contributed to by the breach, conduct,
6  acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional
7  misconduct of others, and not by the Bank.

### ELEVENTH AFFIRMATIVE DEFENSE

9       12.  The Bank specifically denies that it acted with any oppression, fraud or
10 malice towards Plaintiff or others.

### TWELFTH AFFIRMATIVE DEFENSE

12      13. The Bank is immune, in whole or in part, from Plaintiff's claims.

### THIRTEENTH AFFIRMATIVE DEFENSE

14      14. Plaintiff's claims are pre-empted, in whole or in part.

### FOURTEENTH AFFIRMATIVE DEFENSE

16      15. Plaintiff is precluded from asserting any obligation of the Bank due to
17 Plaintiff's failure to comply with conditions precedent.

### FIFTEENTH AFFIRMATIVE DEFENSE

19      16.  The Bank's conduct was privileged at all relevant times.

### SIXTEENTH AFFIRMATIVE DEFENSE

21      17.  The acts and conduct of Plaintiff and/or Plaintiff's agents precluded and
22 interfered with any such acts or conduct required to be performed on the part of the
23 Bank.

### SEVENTEENTH AFFIRMATIVE DEFENSE

25      18. Each of the causes of action set forth in the Complaint are barred by the
26 applicable statute of limitations.

27

28

EIGHTEENTH AFFIRMATIVE DEFENSE

19. If the Bank is determined to have any liability to the Plaintiff, the amount of such liability, if any, is subject to setoff of the amounts owed by Plaintiff to the Bank.

NINETEENTH AFFIRMATIVE DEFENSE

20. The Complaint is barred, in whole or in part, because any alleged wrongful conduct on the part of the Bank, which is assumed only for the purpose of this affirmative defense, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

TWENTIETH AFFIRMATIVE DEFENSE

21. Citibank contends that Plaintiff is not entitled to any damages from Citibank due to improper joinder.

TWENTY-FIRST AFFIRMATIVE DEFENSE

22. Plaintiff lacks standing to assert the causes of action stated because, among other things, the Plaintiff suffered no damages from the alleged wrongful conduct of Citibank.

TWENTY-SECOND AFFIRMATIVE DEFENSE

23. Any violation of law, which is assumed solely for purposes of this defense, was timely cured.

TWENTY-THIRD AFFIRMATIVE DEFENSE

24. The Bank reserves the right to assert additional and/or further affirmative defenses during the course of this litigation as such become known throughout the course of this litigation.

WHEREFORE, the Bank prays for judgment against Plaintiff as follows:

A. That Plaintiff take nothing by way of his Complaint;

1        B.   That the Bank be awarded its attorney fees, costs and disbursements

2    incurred herein;

3        C.   For such other and further relief as this Court deems just and proper.

4    DATED: November 15, 2017    LAW OFFICES OF MICHAEL D. SCHULMAN

5

6        By_____

7            Michael D. Schulman
             Attorneys for Citibank, N.A.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT

PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

     I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 18757 Burbank Blvd., Suite 310, Tarzana, CA  91356-3375.

     On November _17_ , 2017, I served the document described as:

**ANSWR OF CITIBANK, N.A. TO COMPLAINT**

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman
21550 Oxnard Street, Suite 780
Woodland Hills, CA  91367

  _X_  BY MAIL

     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___ BY PERSONAL DELIVERY.

___ BY FACSIMILE DELIVERY.

_X_ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

___ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November _17_ , 2017, at Tarzana, California.

_____Yvette Montejo_____
Name

_Yvette Mm_
Signature

# EXHIBIT "3"

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street Los Angeles, CA. 90012

PLAINTIFF(S):

Miguel Napoles

DEFENDANT(S):

Citibank, N.A.

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**10/16/2017**

Sherri R. Carter, Executive Officer / Clerk

By: Francisco Caldera Deputy

| NOTICE OF CASE ASSIGNMENT – LIMITED CIVIL CASE | CASE NUMBER: 17STLC03345 |
|---|---|

Case is assigned for all purposes to the judicial officer indicated below. Notice given to Plaintiff / Cross-Complainant / Attorney of Record on **10/16/2017** .

| ASSIGNED JUDGE | DEPARTMENT | ROOM |
|---|---|---|
| Georgina T. Rizk | 77 | |

Sherri R. Carter, Executive Officer / Clerk

By Francisco Caldera , Deputy Clerk

### Instructions for Handling Limited Civil Cases

The following critical provisions, as applicable in the Los Angeles Superior Court are cited for your information.

**PRIORITY OVER OTHER RULES:** The priority of Chapter Seven of the LASC Local Rules over other inconsistent Local Rules is set forth in Rule 7.2© thereof.

**CHALLENGE TO ASSIGNED JUDGE:** To the extent set forth therein, Government Code section 68616(i) and Local Rule 2.5 control the timing of Code of Civil Procedure section 170.6 challenges.

**TIME STANDARDS: The time standards can be extended by the court only upon a showing of good cause. (Cal. Rules of Court, rule 3.110.) Failure to meet time standards may result in the imposition of sanctions. (Local Rule 3.37.)**

Except for collections cases pursuant to California Rules of Court, rule 3.740, cases assigned to the Individual Calendar Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served and the proof of service filed within 60 days after filing of the complaint.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints against parties new to the action must be served and the proof of service filed within 30 days after the filing of the cross-complaint. A cross-complaint against a party who has already appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. (Code Civ. Proc., § 428.50.)

**DEFAULTS** (Local Rule 9.10): If a responsive pleading is not served within the time to respond and no extension of time has been granted, the plaintiff must file a Request for Entry of Default within 10 days after the time for service has elapsed. Failure to timely file the Request for Entry of Default may result in an Order to Show Cause being issued as to why sanctions should not be imposed. The plaintiff must request default judgment on the defaulting defendants within 40 days after entry of default.

**NOTICED MOTIONS:** All regularly noticed motions will be calendared through the assigned department. Each motion date must be separately reserved and filed with appropriate fees for each motion. Motions for Summary Judgment must be identified at the time of reservations. All motions should be filed in the clerk's office.

**EX PARTE MATTERS:** All ex parte applications should be noticed for the courtroom.

**UNINSURED MOTORISTS CLAIMS:** Delay Reduction Rules do not apply to uninsured motorist claims. The plaintiff must file a Notice of Designation with the Court identifying the case as an uninsured motorist claim under Insurance Code section 11580.2.

### NOTICE OF CASE ASSIGNMENT – LIMITED CIVIL CASE

LACIV _____ 001 (Rev. (03/17)

LASC Approved 09-04

**FILED**

LOS ANGELES SUPERIOR COURT

MAR 0 7 2016

SHERRI R. CARTER, EXECUTIVE OFFICER/CLERK

BY C. CASAREZ, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Limited Civil Jurisdiction Cases Calendared in Department 77 (Non – Collections Cases) ) ) ) ) ) ) ) | Case No.: 17STLC03345 <br><br> 2nd AMENDED <br> GENERAL ORDER |

## TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure, the California Rules of Court, and the Los Angeles County Superior Court Local Rules, the COURT HEREBY ISSUES THE FOLLOWING GENERAL ORDERS THAT SHALL APPLY TO ALL LIMITED CIVIL (NON-COLLECTION) CASES FILED AND/OR HEARD IN DEPARTMENT 77.

    1.     PLAINTIFF(S) IS/ARE <u>ORDERED TO SERVE A COPY OF THIS GENERAL ORDER ON THE DEFENDANT(S) WITH COPIES OF THE SUMMONS AND COMPLAINT AND TO FILE PROOF OF SERVICE</u>, AS MANDATED IN THIS ORDER.

    2.     The Court sets the following trial date in this case in Department 77 (7th floor, Room 736) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

> <u>TRIAL:</u>   **TRIAL: 0 4 / 15 / 2019 OSC: 10 / 19 / 2020**
>     •    Date: _____ at 8:30 a.m.

## SERVICE OF SUMMONS AND COMPLAINT

3.  The trial date set forth above is conditioned on the defendant(s) being served with the summons and complaint within six (6) months of the filing of the complaint. The trial date may be continued to a later date if service is not accomplished within six months. The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six months of the filing of the original complaint.

4.  The summons and complaint shall be served upon the defendant(s) within three years after the complaint is filed in this action. (Code Civ. Proc., § 583.210, subd. (a).) Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date. (Code Civ. Proc., § 581, subd. (b)(4).) The dismissal as to the unserved parties, without prejudice, for this case shall be effective on the following date:

### UNSERVED PARTIES DISMISSAL DATE

5.  No Case Management Review (CMR) and no Mandatory Settlement (MSC) or Final Status Conferences (FSC) will be conducted in this case.

## LAW AND MOTION

6.  All regularly noticed pretrial motions will be heard in Department 77 on Mondays, Tuesdays, Wednesdays, and Thursdays at 8:30 a.m. A motion will be heard only if a party reserves a hearing date by going to the court's website at www.lacourt.org and reserving it

through the Court Reservation System (CRS). All motions should be filed in Room 102 of the Stanley Mosk Courthouse.

7.    Tentative Rulings may be posted on the Court's internet site no later than the day prior to the hearing. To access tentative rulings, parties may go to **lacourt.org**, select "Civil" Division, and then click on "Tentative Rulings."

## EX PARTE APPLICATIONS

8.    Ex parte applications must be noticed for 1:30 p.m. in Department 77. All ex parte application fees must be paid by 1:00 p.m. in Room 102 of the Stanley Mosk Courthouse.

## JURY FEES

9.    The fees for a jury trial shall be due no later than 365 calendar days after the filing of the initial complaint, or as otherwise provided by Code of Civil Procedure section 631, subdivisions (b) and (c).

## STIPULATION TO CONTINUE TRIAL

10.    A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to a specific continued date. If the stipulation is filed less than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be filed in Department 77. A proposed order shall be lodged along with the stipulation. The Stipulation and Order should be filed in Room 118 of the Stanley Mosk Courthouse with the required filing fees.

## TRIAL

11.    Parties are to appear on the trial date ready to go to trial, and must meet and confer on all pretrial matters at least 20 calendar days before the trial date. On the day of trial the parties shall bring with them to Department 77 all of the following:

i.    A printed Joint Statement of the Case;

ii.    Motions in Limine, which must be served and filed in accordance with the Local

Rules of the Los Angeles Superior Court (LASC) <u>see</u> local rule 3.57;

iii.   A printed Joint Witness List disclosing an offer of proof regarding each

testimony, the time expected for testimony, and the need of an interpreter.

iv.   Joint Exhibits in Exhibit Books, numbered appropriately, and Exhibit List;

v.    A printed Joint Proposed Jury Instructions, and

vi.   A printed Joint Proposed Verdict form(s).

    **FAILURE TO PROVIDE ANY OF THE AFOREMENTIONED DOCUMENTS ON THE TRIAL DATE MAY CAUSE A DELAY IN THE CASE BEING ASSIGNED TO A TRIAL COURT.**

    GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.

DATED: 3/7/16

Hon. Kevin C. Brazile
Supervising Judge of Civil

GEN-16-Limited Jurisdiction Portal-PJ

**FILED**
Superior Court of California
County of Los Angeles

**JUN 29 2016**

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Limited Jurisdiction Civil Cases Calendared in the Los Angeles County Superior Court | GENERAL ORDER RE LIMITED JURISDICTION CIVIL PROCEDURES: NOTICE OF WEB PORTAL AVAILABILITY FOR INTERPRETER REQUESTS (Effective July 11, 2016) |

TO EACH PARTY:

In order to expedite the availability of interpreters at hearings on limited jurisdiction civil cases, IT IS HEREBY ORDERED that each limited jurisdiction civil plaintiff shall, along with the complaint and other required documents, serve all named defendants with the *Notice of the Availability of Web Portal for Interpreter Requests*; this notice informs the litigants that the Los Angeles County Superior Court provides interpreter services in limited jurisdiction civil cases at no cost to parties with limited English proficiency and that Spanish language interpreters are available in courtrooms where limited jurisdiction civil hearings are held. The notice will be provided to the plaintiff at the time the limited jurisdiction civil action is filed, if filed at the clerk's office, and will also be posted on the Los Angeles County Superior Court internet website (http://www.lacourt.org/). Plaintiff(s) must then indicate service of the *Notice of Availability of Web Portal for Interpreter Requests* on line 2(f) of the Proof of Service of Summons form (POS-010).

Effective immediately, this General Order is to remain in effect until otherwise ordered by the Presiding Judge.

DATED: June 29, 2016



_____
CAROLYN B. KUHL
Presiding Judge

GENERAL ORDER – LIMITED JURISDICTION CIVIL PORTAL

## Notice of Availability of Limited Civil Jurisdiction Web Portal for Interpreter Requests

The Los Angeles Superior Court provides interpreter services at no cost to parties with limited English proficiency in Limited Civil jurisdiction hearings. Spanish interpreters are available at all courthouse locations. Therefore, it is not necessary to request a Spanish language interpreter in advance. If you require a Spanish interpreter, please let the courtroom staff know about your need on the day of your hearing. Limited English proficient individuals who speak a language other than Spanish may request an interpreter in advance of their court hearing via the Court's Web Portal for Interpreter Requests (http://www.lacourt.org/irud/UI/index.aspx). While the Court will make every effort to locate an interpreter for the date and time of your hearing, it cannot guarantee that one will be immediately available. If you have general questions about language access services, please contact us at LanguageAccess@LACOURT.org.

### Ծանուցագիր սահմանափակ իրավասություն ան քաղաքացիական գործընթաց Թարգմանչական Ծառայության խնդրանք ներկայացնելու համար նախատեսված առցանց դարպասի առկայության մասին

Լոս Անջելեսի Առաջին ատյանի դատարանն անվճար թարգմանչական ծառայություններ է տրամադրում սահմանափակ իրավասության ան քաղաքացիական վարույթներին՝ անգլերենի սահմանափակ իմացություն ունեցող կողմերին։ Իսպաներենի թարգմանիչ առկայ ունեն բոլոր դատարանների շենքերում վայ է. Ուստի, իսպաներենի թարգմանիչ է հայ ունապորը ներկայացնել անհրաժեշտ չէ: Եթե իսպաներենի թարգմանիչ կարիք ունեք, ապա խնդրում է ներ այ մասին ձեր լսման օրը տեղեկացնել դատարանի դահլիճի անձնակազմին։ Անգլերենի սահմանափակ իմացություն ունեցող անհիկ, ովքեր խոսում են իսպաներենից բացի մեկ այլ լեզվով, կարող են թարգմանիչ խնդրաբ ներկայ ագնել նախօրոք՝ նախաքան իրենց լսման օրը, Դատարանի՝ Թարգմանչական ծառայություն ան խնդրանքների համար նախատեսված առցանց դարպասի միջոցով (http://www.lacourt.org/irud/UI/index.aspx): Թե դատարանն անում է ինչ կանի ձեր լսման օրն ու ժամին թարգմանիչ ներկայացնելու համար, սակայն ն դատարանը չի երաշխավորում, որ նման ներկայություն անմիջապես հնարավոր կլինի ապահովել։ Լեզվական մատչելիության ան ծառայությունների վերաբերյալ հարցերով խնդրում ենք դիմել LanguageAccess@LACOURT.org:

### 关于有限民事管辖权申请网络门户的可用性通知

在有限民事管辖权庭审中，洛杉矶高等法院为英语能力有限的各方当事人提供免费传译服务，在所有法庭中，均有现成的西班牙语传译员。因此您不需要提前申请西班牙语传译员。如果您需要西班牙语传译员，请在您的庭审当日将您的需求告知法庭工作人员。在庭审前，英语能力有限的非西班牙语人士可通过法院的传译员申请网络门户(http://www.lacourt.org/irud/UI/index.aspx)提前申请传译员。法院会尽力按您的庭审日期和时间安排传译员，但法院无法保证能够即时提供传译员。如果您有关于语言服务的疑问，请联系 LanguageAccess@LACOURT.org。

### 통역사 신청을 위한 소액 청구 웹 포털 이용 공지

로스앤젤레스 상급법원은 소액 청구 심리에서 영어가 능숙하지 않은 당사자들에 대해 통역 서비스를 무료로 제공합니다. 스페인어 통역사는 소액 청구 심리가 열리는 모든 법정에서 손쉽게 제공할 수 있습니다. 스페인어 통역사가 필요한 경우에는 심리가 열리는 날에 법정 직원에게 알려 주십시오. 스페인어가 아닌 다른 언어를 사용하고 영어가 능숙하지 않은 개인들은 통역사 신청을 위한 법원 웹 포털을 통해서 재판일 전에 통역사를 신청할 수 있습니다(http://www.lacourt.org/irud/UI/index.aspx). 법원은 심리 날짜와 시간에 통역사를 찾기 위해 모든 노력을 기울일 것이나, 통역사를 즉시 제공한다는 것을 보장할 수 없습니다. 언어 접근 서비스에 대한 질문이 있으시면, 다음의 이메일 주소로 연락해 주십시오: LanguageAccess@LACOURT.org.

### Aviso de disponibilidad del Portal web para jurisdicción limitada civil para solicitar intérpretes

La corte superior de Los Ángeles brinda servicios de intérprete sin cargo para audiencias de jurisdicción limitada civil a las partes que tienen conocimientos limitados de inglés. Se dispone de intérpretes de español en todos los juzgados. Por lo tanto, no es necesario pedir un intérprete de español por adelantado. Si necesita un intérprete de español, infórmele al personal de la sala del juzgado el día de su audiencia. Los individuos con conocimientos limitados de inglés que hablan un idioma que no sea el español pueden solicitar un intérprete antes de la audiencia en la corte por medio del Portal web de la corte para solicitar intérpretes (http://www.lacourt.org/irud/UI/index.aspx). La corte hará el mayor esfuerzo posible para programar un intérprete para la fecha y hora de su audiencia; sin embargo, no le podemos garantizar de que haya uno disponible en forma inmediata. Si tiene preguntas generales sobre los servicios de acceso lingüístico, envíe un mensaje a LanguageAccess@LACOURT.org.

### Thông Báo về Cổng Web Thẩm Quyền Hộ Sự Giới Hạn để Xin Cung Cấp Thông Dịch Viên

Tòa Thượng Thẩm Los Angeles cung cấp dịch vụ thông dịch viên miễn phí cho những bên kiện có khả năng Anh Ngữ giới hạn trong những phiên tòa có thẩm quyền Hộ Sự Giới Hạn. Có sẵn thông dịch viên tiếng Tây Ban Nha tại tất cả các tòa. Do đó, không cần phải xin cung cấp thông dịch viên tiếng Tây Ban Nha trước. Nếu quý vị cần thông dịch viên tiếng Tây Ban Nha, xin cho nhân viên phòng xử biết về nhu cầu của quý vị vào ngày quý vị ra tòa. Người có khả năng Anh Ngữ giới hạn và nói một ngôn ngữ không phải tiếng Tây Ban Nha có thể xin cung cấp thông dịch viên trước ngày có phiên tòa qua Cổng Web của Tòa cho Các Yêu Cầu Cung Cấp Thông Dịch Viên (http://www.lacourt.org/irud/UI/index.aspx). Tuy tòa sẽ nỗ lực để tìm một thông dịch viên cho ngày giờ phiên tòa của quý vị, tòa không thể bảo đảm sẽ có ngay. Nếu quý vị có thắc mắc tổng quát về các dịch vụ ngôn ngữ, xin liên lạc với chúng tôi tại LanguageAccess@LACOURT.org.

August 5, 2016

PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

     I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 18757 Burbank Blvd., Suite 310, Tarzana, CA  91356-3375.

     On November 17, 2017, I served the document described as:  **NOTICE OF REMOVAL BY CITIBANK, N.A.** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman
21550 Oxnard Street, Suite 780
Woodland Hills, CA  91367

_X_   BY MAIL

     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___  BY PERSONAL DELIVERY.

___  BY FACSIMILE DELIVERY.

___ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_X_   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 17, 2017, at Tarzana, California.

_____
     Yvette Montejo
        Name

        Signature